IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INDEPENDENT PRACTICE SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15-4954-DDC ) |
| CORDOVA PAIN SPECIALISTS, PLLC, | ) ) |
| Defendant. | ) |

### **ORDER**

This matter comes before the court upon Plaintiff Independent Practice Solutions, LLC's ("IPS") Motion for Leave to Amend Complaint (ECF No. 14) and Defendant Cordova Pain Specialists, PLLC's ("Cordova") Motion for Leave to file Amended Answer and Counterclaim (ECF No. 15). The deadline to file a motion for leave to amend the pleadings was March 15, 2016, and both parties' motions were timely filed on that date.[1] Responses to the parties' motions for leave to amend were due March 29, 2016. On March 29, 2016, Cordova filed a memorandum in opposition to plaintiff's motion for leave to amend.[2] And on April 5, 2016, IPS filed its reply.[3] IPS did not oppose Cordova's motion.

Motions to amend are governed by Fed. R. Civ. P. 15. Both parties' proposed amendments are governed by 15(a)(2) which states that where the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written

---

[1] Scheduling Order, ECF No. 8.

[2] Mem. in Opp'n, ECF No 16.

[3] Reply, ECF No. 17.

consent or the court's leave. The court should freely give leave when justice so requires."[4]  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[5]  Whether to allow amendments to the pleadings lies within the sound discretion of the trial court.[6]  But the court "must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[7]

IPS originally filed this breach-of-contract case in Shawnee County District Court.[8]  IPS provides "management and administrative services" and Cordova "provides professional medical services and related services to patients."[9]  IPS claims that Cordova breached the parties' Management Services Agreement by failing to make payments due under their Agreement and by unilaterally terminating the Agreement without giving IPS the opportunity to cure any alleged breach as required by its terms.[10]  Cordova removed the case to federal court on October 26, 2016.[11]  On February 3, 2016, the court held a scheduling conference and entered a scheduling

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Id.*

[7] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *2 (D. Kan. Aug. 29, 2011).

[8] Notice of Removal, ECF No.1

[9] *Id.* ECF 1-1 Pet. at 2.

[10] *Id.* at 4–5.

[11] *Notice of Remvoal, ECF No.1.*

order, setting case-management deadlines.[12]  Apart from serving their Rule 26(a)(1) initial disclosures and the documents listed therein as required by the scheduling order, the docket does not reflect that any further discovery has taken place.[13]  In any event, the case is still in the preliminary stages of discovery.

IPS seeks leave to amend the complaint to join John W. Miles, D.O. as a defendant.[14]  It seeks to add Dr. Miles under an "alter ego" theory or under the doctrine of piercing the corporate veil.[15]  In its proposed amended complaint it states that it believes, that:

> Dr. Miles, as the sole owner and member of Cordova, operated and/or utilized Cordova as a "sham" or façade entity and/or as an instrumentality to conduct his own personal business, including but not limited to the commingling of funds, the failure to follow entity formalities, and the like, and should be held liable for the acts, debts or liabilities of Cordova.

Cordova does not explicitly address any of the bases on which the court would normally deny a motion to amend. Cordova does raise what the court will consider a futility argument, that IPS should not be allowed to add Dr. Miles because IPS has not alleged sufficient grounds in the proposed amended complaint to justify piercing the corporate veil.  The court should deny a motion to amend as futile only if "the amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[16]  In such circumstances, the

---

[12] Scheduling Order, ECF No. 8.

[13] Notice of Service, ECF Nos. 6, 7, 11, 12.

[14] Mot. for Leave to Amend Compl. at 1, ECF No. 14-1.

[15] *Id.*

[16] *Stewart v. Bd. of Comm'rs for Shawnee Cnty*, 216 F.R.D. 662, 664 (D. Kan. 2003).

court examines the proposed amendment as it would if it were challenged by a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[17]

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff must provide factual allegations that if assumed to be true, would "raise a right to relief above the speculative level" and "contain enough facts to state a claim to relief that is plausible on its face."[18] This plausibility standard does not require the plaintiff to show that the allegations are probable, but it does require more than "a sheer possibility that a defendant has acted unlawfully."[19] This notifies defendant of the claim and plaintiff's grounds for it.[20] When deciding futility under the Rule 12(b)(6) standard, the court accepts all of plaintiff's factual allegations as true and "may not dismiss on the ground that it appears unlikely the allegations can be proven."[21]

The Tenth Circuit has concluded that:

> the federal common law doctrine of piercing the corporate veil under an alter ego theory can best be described by [a] two-part test: (i) was there such unity of interest and lack of respect given to the separate identity of the corporation by its shareholders that the personalities and assets of the corporation and the individual are indistinct, and (ii) would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations.[22]

---

[17] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[18] *Operating Eng'rs Local 101 Pension Fund v. Al Muehlberger Concrete Constr., Inc.*, No. 13-2050-JAR-DJW, 2013 WL 5409113, at *3 (D. Kan. Sept. 26, 2013).

[19] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[20] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations omitted)).

[21] *Id.* (citing *Twombly*, at 556).

[22] *Nat'l Labor Relations Bd. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1051–52 (10th Cir. 1993) (citing *United States v. Diviner*, 822 F.2d 960, 964–65 (10th Cir. 1987); *Seymour v. Hull & Moreland Eng'g*, 605 F. 2d 1105, 1111 (9th Cir. 1979)).

Citing no legal authority from this jurisdiction, Cordova argues that IPS has not alleged a sufficient nexus between Dr. Miles and IPS's breach-of-contract claims against Cordova because it claims that Dr. Miles' sole ownership alone does not justify adding him as a defendant.[23]

As noted above, IPS alleges more than sole-ownership. IPS also claims that he is Cordova's only member and its registered agent.[24] Assuming all these allegations as true, they are sufficient to make plausible that Dr. Miles and Cordova were so unified in interest that a "lack of respect [was] given to the separate identity of the corporation by its shareholders that the personalities and assets of the corporation and the individual are indistinct."[25]

Under the second prong: "would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations," the court requires "an element of unfairness, injustice, fraud, or other inequitable conduct as a prerequisite to piercing the corporate veil."[26] IPS's allegations are also sufficient on this point because as noted above, it claims that Dr. Miles used Cordova as a "sham" or façade entity to conduct personal business.[27] Accordingly, the court finds that at this stage of the case, IPS's proposed amendments are sufficient to state a claim under Fed. R. Civ. P. 12(b)(6). IPS should have the opportunity to discover facts to support its claims against Dr. Miles.

As noted above, IPS did not oppose Cordova's Motion for Leave to file its Amended Answer and Counterclaim. But because the court is granting IPS's motion for leave to amend,

---

[23] Mem. in Opp'n, ECF No 16.

[24] Mot. for Leave to Amend Compl. at 2, ECF No. 14-1.

[25] *Nat'l Labor Relations Bd.*, 2 F.3d at 1051–52.

[26] *Operating Eng'rs Local 101 Pension Fund*, 2013 WL 5409116, at *7 (quoting *Greater Kansas City Roofing*, at 1052).

[27] Mot. for Leave to Amend Compl. at 2, ECF No. 14-1.

5

Cordova's motion for leave to amend is moot because it can address its amendments in its answer to IPS's amended complaint.[28]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Independent Practice Solutions, LLC's Motion for Leave to Amend Complaint (ECF No. 14) is granted.  IPS shall file its Amended Complaint as a separate docket entry by **May 5, 2016**.

**IT IS FURTHER ORDERED** that Defendant Cordova Pain Specialists, PLLC's Motion for Leave to file Amended Answer and Counterclaim (ECF No. 15) is moot.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius_____
K. Gary Sebelius
U.S. Magistrate Judge

---

[28] *See, e.g.*, *Boardwalk Apartments, L.C. v. State Auto Prop. and Cas. Ins. Co.*, No. 11-2714-JAR-KMH, 2012 WL 4523113, at *1 (D. Kan. Oct. 2, 2012).